By the Court, Barbour, J. (After stating the facts.)
The true measure of. dantages in cases of this, character, where the purchase price of the article to be delivered is not paid at the-time or before the’ contract is made, but is to be paid over to the vendor upon the delivery of the goods, is the difference between the contract price and their- market value at the time they, were -to -have beendelivered. (Clark v. Pinney 7 Cowen, 681. Taylor v. Read, 4 Paige, 561. Davis v. Shields, 24 Wend. 322.): • In this case, fifteen barrels of naptha, in addition to-.those actually" handed- -over, were, by the contract, to be delivered, oil the ! 8th of-.August, and the benzole, of-which there Was a .deficiency of -ninety-nine barrels, was to be .delivered without-, delay; ■ or, in other words, within a reasonable ■ time. ,=Ho evidence was given-, to show what would have been a reasonable, time, but, in the.absence of such evidence; it, will; probably, be safe to assume- that upon a contract’-for "the delivery of merchandise of this ■ description, in the city of Hew York, without. delay, a -failure.to deliver within, ten daysshould’ be considered ■ unreasonable. Upon this -assumption, the benzole was,-by the ■ contract, to be delivered on-.-'or before :the 30th of August; and,- as", we have seen,::the naptha was deliverable on the 18th;■ ¡It follows that the' difference between the- contract prices and the value of the articles," respectively,, on those days, formed the true measure of ;the-damages, if..any; to which• the plaintiffs were entitled; because i of .the defendants’ non-performance, -and.: ought to have been Ascertained upon the trial,- unless the period of performance, was extended by.-the.parties-. . . ■
.i .The., doctrine is ¡'well settled that ¡an, extension of ¡the time for, the performance of-a-contract is a new agreement between the-; parties, ■ •" substituted - pro tanto -in* place of the original. (Clarke v Dales, 20 Barb. 42.) --It is not-claimed in this case .that- the; plaintiffs ever. actually agreed'with the defendants to. extend the time of 'delivery,, or; in words, assented to their-request for further, time ;■ and/ it seems tó me, no such agreement can be, implied from -the ■fact that - the plaintiffs repeatedly, asked; «the; defendants to deliver the goods, and the latter as often refused-a-further ,delay. .¡Hothing was said at *569 either of those conversations which would have precluded the plaintiffs from bringing a suit for the recovery of damages immediately afterwards. To put a single instance: there was no such extension of time given, even by implication, in the conversation of the middle of November, as would have prevented the plaintiffs claiming in this action that the 15th of November was the delivery day, with as much propriety as he did insist that the time was extended to the 21st.
For these reasons, I am of opinion that the learned justice erred in excluding the testimony offered to show the market value of the goods, prior to the 21st of November, and in directing the jury to find a verdict for the difference between the market value on that day and the contract price; and that the judgment ought to be reversed, and a new trial granted, with costs to abide the event.
White, J. dissented.
New trial granted.